UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DANNY LEE HAKES,  Case No. 14-32139-dof
 Chapter 13 Proceeding
Debtor.  Hon. Daniel S. Opperman
_____/

OPINION GRANTING MOTION FOR RELIEF FROM STAY RE: ABSTENTION FROM
DETERMINATION OF CLAIMS, LIFT OF STAY TO CONTINUE PREPETITION
LAWSUIT AND ABEYANCE OF ADVERSARY PROCEEDING PENDING RESOLUTION
OF <u>PREPETITION LAWSUIT FILED BY OLD REPUBLIC BANK</u>

<u>Introduction and Facts</u>

On July 29, 2014, Debtor Danny Lee Hakes filed this Chapter 13 bankruptcy case. Prior to the bankruptcy filing, Debtor was a Defendant in a civil action pending in Genesee County Circuit Court ("State Court Action"), filed by Old Republic Insurance Company ("Old Republic"). The State Court Action was filed on October 12, 2012. In the State Court Action, Old Republic asserts that it is entitled to declaratory relief and restitution for First Party No Fault benefits it paid to Debtor as a result of an accident that occurred on June 23, 2003 (the "Accident"). Old Republic claims that Debtor did not need the benefits paid for Attendant Care Services for quasi-medical/custodial/nursing services because such did not qualify as Attendant Care Services, but rather, were household replacement services; some or all of the Attendant Care Services were not actually provided, and the providers of care were not paid what Debtor represents they were paid.

Debtor filed a counterclaim in the State Court Action, asserting that First Party No Fault benefits were improperly withheld by Old Republic, seeking damages for intentional infliction of emotional distress, fraud, conspiracy to commit intentional torts, breach of contract and violations of Michigan No Fault laws.

Old Republic also filed an Adversary Proceeding against Debtor pursuant to 11 U.S.C. §

1

523(a)(2), on November 24, 2014, pending as Adversary Proceeding No. 14-3199. Debtor filed a Counterclaim against Old Republic, requesting a declaration as to his entitlement to No Fault benefits arising out of the Accident, as well as attendant relief and costs. Old Republic has filed a Motion to stay that adversary proceeding and hold such in abeyance, pending resolution of the state court action. That motion is scheduled for hearing for March 18, 2015.

On November 24, 2014, Old Republic filed a general unsecured claim, Proof of Claim #3, in the amount of $622,590.00, for "Money Received by False Representation." Debtor filed an objection to this claim on the same day, asserting that Old Republic's claim should be disallowed under the applicable statute of limitations, as well as theories of judicial estoppel and equitable estoppel. The instant Motion was thereafter filed by Old Republic on December 18, 2014, and part of the relief requested is for this Court to abstain from this claim determination, as well as relief from stay to allow the State Court Action to continue in Genesee County Circuit Court, and to hold the Section 523(a)(2) dischargeability Adversary Proceeding in abeyance.

Old Republic asserts that the State Court Action involves determinations of Michigan law, which includes a jury demand. According to Old Republic, a trial on this matter will last several weeks, and will involve "testimony from at least three independent medical examiners, a forensic accounting expert, all of [Debtor's] physicians (covering a lifetime of treatment), at least 14 different alleged attendant care providers, [Debtor's] expert witnesses, and numerous other witnesses (including police officers and other individuals with knowledge of [Debtor's] conditions, actions, and activities)." (Old Republic Motion, at 3, ¶ 11). Old Republic also asserts that the Genesee County Circuit Court had actively overseen this case for twenty-one (21) months prior to Debtor's bankruptcy filing, and has extensive knowledge of the facts, background and parties' positions as is evidenced by rulings made by the Genesee County Circuit Court regarding dispositive motions filed by both Debtor and Old Republic, as well as "voluminous discovery," numerous discovery

disputes, "at least 37 motions filed, and 14 court hearings." (Old Republic Motion, at 2, ¶ 7).

Debtor takes the position that when Old Republic filed a claim in this bankruptcy case, it "invoked this Court's 'core' subject matter jurisdiction." Debtor asserts that this, coupled with Old Republic filing the dischargeability adversary proceeding against him, "necessarily invoked Bankruptcy's resulting, sole jurisdiction over Old Republic Insurance's claims against" him. (Debtor's Response Memorandum, at 2).

At the January 7, 2015, hearing on this matter, Old Republic conceded that its motion was now limited to permissive abstention, and not mandatory abstention.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate), and (G) (motions to terminate, annul, or modify the automatic stay).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, No. 12-1200 (U.S. June 9, 2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Applicable Authority

Permissive Abstention Under 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, bankruptcy courts have discretion to abstain from hearing state law causes of action, and remand those causes of action.

The factors to be considered in determining whether permissive abstention is appropriate consist of the following non-exclusive factors: (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors. *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

Analysis

As to the first factor, the amount of this claim will impact Debtor's eligibility to be a Chapter 13 debtor. However, which Court makes this determination weighs in favor of abstention, because, for the reasons stated below, the Genesee County Circuit Court is best suited to efficiently determine this issue.

An analysis of the Complaint in the State Court Action (attached as an exhibit to the

4

Complaint the adversary proceeding), as well as the various State Court Action pleadings and other documents reveals that state law predominates. In particular, the issues are declaratory relief, restitution and fraud, involving Michigan statutory No Fault law and Michigan common law, to which the Genesee County Circuit Court is better suited to address and decide those issues, rather than this Court. This second factor weighs heavily in favor of permissive abstention. Regarding the third factor, the Court does note that this area of state law may not be particularly difficult or unsettled, which would weigh slightly in favor of not abstaining.

Old Republic filed the State Court Action on October 12, 2012, so there is an existing related proceeding that was filed prior to this case and the adversary proceeding. This timing weighs in favor of permissive abstention under the fourth factor, especially given the length of time the State Court Action has been pending.

Likewise, the Court can find no jurisdictional basis other than 28 U.S.C. § 1334 to hear the primarily state court claims. The Court also does not find the necessary relatedness of the State Court Action to the main bankruptcy case. In that regard, the Court notes that Old Republic has filed a proof of claim in this case, but a close review of that proof of claim does not result in a finding that there is sufficient nexus for this Court to act as urged by Debtor. The issues underlying Old Republic's asserted claim can and should be resolved in the state court. Moreover, this analysis shows that the substance of the dischargeability adversary proceeding is really based upon state law issues and not federal bankruptcy law issues.

As to the eighth element, the severing of the state law claims could allow for judgments to be entered in the state court and with the state court enforcing those judgments. These state court judgments could likewise be enforced in this Court, if needed, although this Court doubts the need for that to occur as the state court has sufficient jurisdiction to enforce its own judgments.

5

14-32139-dof    Doc 79    Filed 03/16/15    Entered 03/16/15 15:49:37    Page 5 of 7

The Court gives little, if any, weight to factor nine, the burden of this claim determination on this Court's docket as this Court routinely is asked to address a number of issues for which this Court was created. This Court would not abstain simply for the purpose of reducing its docket, nor would this Court refuse to abstain in order to fill its docket.

Turning to the last few elements, there is no forum shopping asserted by Debtor, nor is there any indication of such. Thus, this factor is at best neutral.

The Court also notes that Old Republic has sought a jury trial in the State Court Action. Without deciding the nature of the core or non-core status of each claim raised by Old Republic, it appears that Old Republic would be entitled to a jury trial for many of the issues raised in the State Court Action Complaint.

Finally, the claim determination involves Old Republic and Debtor. This factor is thus, also neutral.

The last factor allows this Court to consider any and all other elements that are noteworthy. The Court has considered this factor and finds that Debtor has not demonstrated any great overriding factor weighing against permissive abstention, which is again a neutral factor.

After analyzing all of the factors, the Court still comes back to extensive proceedings that have already taken place in front of the Genesee County Circuit Court, and that state law issues predominate. With this record, the Court concludes that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate.

Accordingly, the Motion for Permissive Abstention of Old Republic is granted. Because the Court abstains from hearing this claim determination, lift of stay to continue this matter in the Genesee County Circuit Court is a natural consequence of abstention, and it is unnecessary for this Court to separately rule on the motion for relief from stay. The same holds true for Old Republic's

request to hold the dischargeability adversary proceeding in abeyance. Once the State Court Action is fully litigated and decided, any determination as to the dischargeability of any debt Debtor owes Old Republic will then be determined by this Court.

An appropriate order will enter. Additionally, the Court will enter a separate Order to hold Adversary Proceeding No. 14-3199 in abeyance.

**Signed on March 16, 2015**

                                              **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**